# EXHIBIT A

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JEANNE BETTERS

vs.

HOBBY-LOBBY STORES INC

NO. 2025-30198

## NOTICE TO DEFEND – CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

JEANNE BETTERS

vs.

HOBBY-LOBBY STORES INC

NO. 2025-30198

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: MARINA KATS, ESQ., ID: 53020

Self-Represented (Pro Se) Litigant [ ]

Class Action Suit [ ] Yes  [X] No

MDJ Appeal [ ] Yes  [X] No

Money Damages Requested [X]

Commencement of Action:

Amount in Controversy:

Complaint

More than $50,000

## Case Type and Code

Tort:

Premises Liability

Other:

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

JAMISON & ASSOCIATES
By:   Marina Kats, Esquire
       John Spitale, Esquire          **MAJOR JURY**
       I.D. No. 53020, 307457
       1 Bustleton Pike
       Feasterville, PA 19053
       P: (215) 396-9001
       F: (215) 396-8388        **ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| JEANNE BETTERS | : COURT OF COMMON PLEAS |
| 227 North 1st Street, | : MONTGOMERY COUNTY |
| Jenette, PA 15644 | : CIVIL TRIAL DIVISION |
|           Plaintiffs | : |
| | : |
|    v. | :      TERM, 2025 |
| | : |
| HOBBY-LOBBY STORES, INC | : |
| d/b/a Hobby Lobby | : |
| 2365 Mountain View Drive, | :    NO |
| West Mifflin, PA 15122 | : |
| | : |
|    and | : |
| | : |
| HOBBY-LOBBY STORES, INC | : |
| d/b/a Hobby Lobby | : |
| 100 Welsh Road | : |
| Horsham, PA 19044 | : |
| | : |
|    and | : |
| | : |
| JOHN DOES 1-5 | : |
| *Individual(s),business(es), company(ies), partnership(s)* | : |
| *entity(ies), fictitious name(s), and/or corporation(s)* | : |
| *responsible for owning,possessing, and/or otherwise* | : |
| *controlling the Hobby-Lobby located at* | : |
| *2365 Mountain View Drive, PA 15222* | : |
| *whose name(s) and address(es) is/are presently* | : |
| *unknown* | : |
| | : |
|    and | : |
| | : |
| JOHN DOES 6-10 | : |
| *Cleaning, Drying, Maintenance* | : |
| *and/or Inspection individual(s), business(es),* | : |
| *company(ies), partnership entity(ies),fictitious name(s),* | : |
| *and/or corporation(s)responsible for the* | : |
| *floor cleaning, drying, maintenance* | : |
| *and/or inspection of the premises at 2365 Mountain* | : |

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM. Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*View Drive, PA 15222*

                                         **Defendants**   :

                                                           :

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Montgomery County Bar Association Lawyer**
**Referral and Information Service**
**100 W. Airy Street**
**Norristown, Pennsylvania 19401**
**(610) 279-9660**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado inmediatamente.

*Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Servicio de Referencia e Información de Abogados del Colegio de Abogados del Condado**
**de Montgomery**
**Norristown, Pennsylvania 19401**
**(610) 279-9660**

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**JAMISON & ASSOCIATES**
By:   Marina Kats, Esquire
      John Spitale, Esquire
      I.D. No. 53020, 307457
      1 Bustleton Pike
      Feasterville, PA 19053
      P: (215) 396-9001
      F: (215) 396-8388

**MAJOR JURY**

**ATTORNEYS FOR PLAINTIFFS**

| | |
|---|---|
| **JEANNE BETTERS** | : **COURT OF COMMON PLEAS** |
| 227 North 1st Street, | : **MONTGOMERY COUNTY** |
| Jenette, PA 15644 | : **CIVIL TRIAL DIVISION** |
|                     Plaintiffs | : |
| | : |
|     v. | : **TERM, 2025** |
| | : |
| **HOBBY-LOBBY STORES, INC** | : |
| d/b/a Hobby Lobby | : |
| 2365 Mountain View Drive, | : **NO** |
| West Mifflin, PA 15122 | : |
| | : |
|     and | : |
| | : |
| **HOBBY-LOBBY STORES, INC** | : |
| d/b/a Hobby Lobby | : |
| 100 Welsh Road | : |
| Horsham, PA 19044 | : |
| | : |
|     and | : |
| | : |
| **JOHN DOES 1-5** | : |
| *Individual(s),business(es), company(ies), partnership(s)* | : |
| *entity(ies), fictitious name(s), and/or corporation(s)* | : |
| *responsible for owning,possessing, and/or otherwise* | : |
| *controlling the Hobby-Lobby located at* | : |
| *2365 Mountain View Drive, PA 15222* | : |
| *whose name(s) and address(es) is/are presently* | : |
| *unknown* | : |
| | : |
|     and | : |
| | : |
| **JOHN DOES 6-10** | : |
| *Cleaning, Drying, Maintenance* | : |
| *and/or Inspection individual(s), business(es),* | : |
| *company(ies), partnership entity(ies),fictitious name(s),* | : |
| *and/or corporation(s)responsible for the* | : |
| *floor cleaning, drying, maintenance* | : |
| *and/or inspection of the premises at 2365 Mountain* | : |

RECD MCSO MONT.CO.PA
2025 DEC 16 P 2: 32

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*View Drive, PA 15222*                                          :

                                        Defendants   :

# COMPLAINT CIVIL ACTION
## (TORT)
## PREMISES LIABILITY

1.    Plaintiff, Jeanne Betters, is an adult individual residing at 227 North 1st Street, Jeannette, Westmoreland County, Pennsylvania.

2.    Defendant, Hobby Lobby Stores, Inc., is a foreign corporation authorized to conduct business within the Commonwealth of Pennsylvania and, at all relevant times, owned, operated, managed, maintained, and controlled the retail premises located at 2365 Mountain View Drive, West Mifflin, Allegheny County, Pennsylvania 15122.

3.    Plaintiff brings this civil action in negligence against Defendant Hobby Lobby Stores, Inc. for injuries and damages sustained as a result of Defendant's careless, reckless, and negligent ownership, operation, maintenance, and control of the premises described herein.

4.    Venue is proper in Montgomery County pursuant to Pa.R.C.P. 2179 because Defendants regularly conduct business within Montgomery County.

5.    Specifically, Defendant Hobby Lobby Stores, Inc., individually and through its agents, officers, employees, and subsidiaries, regularly conducts, solicits, and transacts business in Montgomery County, Pennsylvania, and maintains a fully operational retail store located at 100 Welsh Road, Horsham, Pennsylvania 19044.

6.    Defendants may be served in Montgomery County and maintain sufficient, continuous, and systematic business contacts within this County such that venue is proper and appropriate here.

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7.     Defendants, John Does 1–5, are individuals or business entities whose identities are presently unknown despite reasonable investigation, and who owned, possessed, operated, managed, or otherwise controlled the Hobby Lobby premises located at 2365 Mountain View Drive, West Mifflin, Allegheny County, Pennsylvania.

8.     Defendants, John Does 6–10, are individuals or business entities responsible for cleaning, drying, inspecting, repairing, or maintaining the entranceway floor area at the aforesaid Hobby Lobby location, whose identities are also presently unknown despite reasonable investigation.

9.     At all times relevant hereto, it was the duty of Defendants, individually, jointly, and severally, to maintain the premises located at 2365 Mountain View Drive, West Mifflin, Pennsylvania, in a reasonably safe condition for the use of invitees, including Plaintiff.

10.     Notwithstanding said duty, on the date of the incident and for a period of time prior thereto, Defendants negligently permitted the entranceway of the Premises to be in a hazardous, wet, slippery, and unsafe condition, thereby creating a danger, nuisance, snare, and trap to members of the public lawfully on the property, including Plaintiff.

11.     On or about December 18, 2023, at approximately 1 p.m., Plaintiff, while lawfully entering the Hobby Lobby store as a business invitee, was caused to slip and fall backward onto the hard floor immediately inside the main entrance due to the unmarked wet and slippery condition.

12.     At the time of Plaintiff's fall, and for a substantial period prior thereto, Defendants knew or, in the exercise of reasonable care, should have known of the dangerous wet condition on the floor and nonetheless permitted it to exist without remedying it or warning customers.

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13.    The aforesaid dangerous condition created a reasonably foreseeable risk of the type of injuries that Plaintiff in fact sustained.

14.    Defendants had sufficient time prior to Plaintiff's fall to discover, correct, or warn of the hazardous condition and failed to take reasonable measures to protect Plaintiff and the public from said danger.

15.    Defendants, John Does 1–5, may be individually, jointly, and/or severally liable for the dangerous conditions existing at the Premises that caused Plaintiff to slip and fall.

16.    The identities of Defendants John Does 1–5 remain unknown despite reasonable investigation, and Plaintiff will amend this pleading once their identities become known.

17.    Defendants, John Does 6–10, may be individually, jointly, and/or severally liable for failing to adequately clean, dry, inspect, or maintain the entranceway floor, thereby causing Plaintiff's injuries.

18.    The identities of Defendants John Does 6–10 remain unknown despite reasonable investigation and will be added when ascertained.

19.    At all times material hereto, Defendants, individually, jointly, and/or severally, as owners, operators, and/or entities responsible for inspection, maintenance, repair, and care of the entranceway area, were obligated to ensure that the premises were safe for invitees, pedestrians, customers, and specifically, Plaintiff.

20.    At all relevant times, Defendants acted by and through their agents, servants, workmen, and/or employees, each of whom acted within the course and scope of their employment and/or agency.

21.    Defendants knew or should have known of the dangerous, wet, slippery condition of the entranceway floor and of the likelihood that such condition would cause injury to

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

business invitees, including Plaintiff, especially in the absence of adequate inspections, maintenance, repairs, or warnings.

22.    Plaintiff's injuries would not have occurred absent the negligence, carelessness, and failures of Defendants and/or their agents, servants, and employees.

23.    Plaintiff's fall and resulting injuries were caused solely and exclusively by the negligence and carelessness of Defendants, individually, jointly, and/or severally, and were in no way caused by any act or omission on the part of Plaintiff.

## COUNT I

### Plaintiff, Jeanne Betters

v.

### All Defendants

24.    Plaintiff incorporates all preceding paragraphs as though the same were set forth more fully herein at length.

25.    The negligence and carelessness of defendants, individually, jointly and/or severally consisted of the following:

(a) Failing to keep Premises in safe condition for persons lawfully using same;
(b) Permitting the dangerous condition to be and remain on Premises when Defendants knew or in the exercise of reasonable care should have known of the danger involved;
(c) Failing to warn Plaintiff of the dangerous condition created by the above-described hazard;
(d) Permitting Plaintiff to traverse Premises when Defendants knew or in the exercise of the reasonable care should have known that it was dangerous to do so and involved and unreasonable risk of harm to persons so doing;
(e) Failing to provide persons and, more specifically Plaintiff, lawfully on the Premises, with a safe manner to traverse the Premises;
(f) Failure to provide barricades in the area of the dangerous conditions to prohibit invitees and/or the general public from traversing in the aforesaid area of said premises and/or to reduce the chance of injuries to such persons resulting from the

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

dangerous conditions of the premises, or in the alternative, improperly placing said barricades;

(g) Failure to properly and adequately hire, train, and/or instruct the agents, servants, workmen, employees and/or representatives, of defendants herein, as to safe and proper procedures for inspecting, maintaining, cleaning, correcting and repairing dangerous conditions on said premises, including the dangerous conditions which caused plaintiff's injuries;

(h) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;

(i) failing to respond in a timely manner to the aforementioned dangerous unsafe conditions of the Premises, and the lack of inspection, maintenance, clean and care regarding same; and

(j) failing to require and/or implement periodic inspections, repair and/or maintenance of the premises.

(k) Failing to post adequate warning signs, cones, illumination warnings, barriers or barricades in an effort to alert people of the dangerous conditions of premises.

26.    As the direct and proximate result of Plaintiff's fall, plaintiff, Jeanne Betters, sustained severe and debilitating personal injuries, including, but not limited to, L4-L5 disc protrusion, L1-L2 and L2-L3 2 central canal stenosis, tenderness in her mid-back, lower back, left ribs area, right ankle, right foot, and both of her knees, pain in her hips, lower back, knees, foot, and upper shoulders all of which caused severe shock to the nerves and nervous system, with serious personal injury, which injuries are permanent in nature and character, whereby plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to the plaintiff's great detriment and loss.

27.    As a further result of Plaintiff's fall, plaintiff has been obligated to receive and undergo medical attention and care for her injuries and to incur various expenses for said care and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

28.    As a further result of plaintiff's fall, plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

injuries she has suffered, to incur various expenses for said treatment and services and she may incur various reasonable and necessary future medical expenses from the injuries sustained, all of which defendants herein are liable.

29.    As a further result of plaintiff's fall, plaintiff has suffered an injury that may be in full or part a cosmetic disfigurement, which is permanent, irreparable or severe.

30.    As a further result of plaintiff's fall, plaintiff has suffered an injury that has caused a physical deformity, which is permanent, irreparable or severe.

31.    As a further result of plaintiff's fall, plaintiff has been unable to attend to her daily chores, duties and occupations and may be unable to do so for an indefinite time in the future.

32.    As a direct result of plaintiff's fall, plaintiff has and may continue to incur other financial expenses or losses to which she may otherwise be entitled to recover.

33.    As a further result of plaintiff's fall, plaintiff has incurred medical expenses and lost wages paid or payable by her employer's worker's compensation carrier which has asserted a right of subrogation for said payments, pursuant to applicable law.

34.    As a further result of plaintiff's fall, plaintiff has suffered severe physical pain, aches, mental anguish and humiliation, inconveniences and a loss of life's pleasures and she may continue to suffer the same for an indefinite time in the future.

35.    The negligence and/or carelessness of defendants herein, and/or their agents, servants, workmen, employees, representatives, manager and/or independent contractors of defendants herein, which occurred within the course and scope of employment and/or agency with defendants is imputed to defendants and defendants are liable for the same.

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**WHEREFORE,** plaintiff Jeanne Betters demands damages of defendants, individually, jointly and/or severally, in a sum in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs to be determined at the time of trial.

KATS, JAMISON & ASSOCIATES

By: */s/ Marina Kats*
   Marina Kats, Esquire
   John Spitale, Esquire
   Attorneys for Plaintiff

Date: December 5, 2025

Case# 2025-30198-0 Docketed at Montgomery County Prothonotary on 12/12/2025 1:37 PM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Docusign Envelope ID: AC2DCE5B-4F44-430E-851F-D9A4FC1F361D

DocuSign Envelope ID: 69182332-8152-4851-8840-85A522001690

## VERIFICATION

I, _____Jeanne Betters_____, verify that I am the Plaintiff, that the facts set forth herein are true and correct to the best of my knowledge, information and belief.

This statement is made subject to the penalties of 18 PA C.S. Section 4904 relating to the unsworn falsification to authorities.

Signed by:

X _Jeanne Betters_____

FEAD93A4D512473

# EXHIBIT B





# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
# ORDER FOR SERVICE

(Please prepare a separate request for service form for each defendant to be served by the Sheriff)

To:    Sheriff Sean P. Kilkenny
       Montgomery County Court House
       P.O. Box 311
       Norristown, Pennsylvania 19404-0311
       Phone: 610-278-3331    Fax: 610-278-3832

Date: 12/15/2025

TB

Prothonotary No. 2025-30198

Sheriff Cost: 139.00 mc /$100 Alleghany

#113759...

Attorney's Or Plaintiff's Name and Address:

Marina Kats, Esquire

C/O Legal-Ease Ent.  2424 E. York St., Ste 321

Philadelphia              PA    19125

ATTY. ID#53020    Telephone: 215-535-1532

| | |
|---|---|
| X Civil Action CMplH | Writ of Execution Levy |
| Confessed Judgment | Interrogatories |
| Complaint in Ejectment | Writ of Execution Garnishee |
| Posting | Writ of Seizure |
| Writ of Possession | Mortgage Foreclosure |
| Other: | Court Order: |

Jeanne Betters
                        vs.              PLAINTIFF

Hobby-Lobby Stores, INC. d/b/a Hobby Lobby
                                        DEFENDANT

Service Upon: Hobby-Lobby Stores, INC. d/b/a Hobby Lobby
LOCATION (MUST HAVE VALID ADDRESS OR DIRECTIONS)

100 Welsh Road

Horsham, PA 19044

(1 OR 2)

FOR SHERIFF USE ONLY            SHERIFF'S RETURN

PERSON SERVED Gerry Ginter

RELATIONSHIP/POSITION PIC - (Manager)

PLACE OF SERVICE As Given

DATE OF SERVICE 12/18/25

TIME OF SERVICE 0955

NUMBER OF ATTEMPTS 1

DEPUTY Forsyth

DEPUTY

LAST DAY FOR SERVICE 1-11-26

## SERVICE NOT MADE BECAUSE:

| DATE: | | DEPUTY: |
|---|---|---|
| NO SER' | ...N AT ADDRESS | NEED BETTER ADDRESS |
| MOVED | ...S OUT OF COUNTY | OTHER... |
| | ...KEN: | |

2025-30198-0001  12/19/2025 3:19 PM # 15199292
Rcpt#Z5012885 Fee:$0.00 (Internal Use Only) Served
Main (Public)
MontCo Prothonotary

DATE:        TIME:        DEPUTY:        DEPUTY:

ATTEMPTED SERVICE DATE & TIME

# EXHIBIT C

**SALMON, RICCHEZZA, SINGER & TURCHI LLP**
By:    Joseph A. Ricchezza, Esquire
        Justin P. Callaway, Esquire
Attorney I.D. Nos. 66171/206982
1601 Market Street – Suite 2500
Philadelphia, PA 19103
(215) 606-6600
jricchezza@srstlaw.com
jcallaway@srstlaw.com

*Attorneys for Defendant Hobby Lobby Stores, Inc.*

| | |
|---|---|
| JEANNE BETTERS, | COURT OF COMMON PLEAS |
| | MONTGOMERY COUNTY, PA |
| Plaintiff, | |
| | DECEMBER TERM, 2025 |
| v. | |
| | C.A. NO.: 2025-30198-0 |
| HOBBY-LOBBY STORES, INC., JOHN DOES 1-5 (individual(s), business(es), company(ies), partnership(s) entity(ies), fictitious name(s), and/or corporation(s) responsible for owning, possessing, and/or otherwise controlling the Hobby-Lobby located at 2365 Mountain View Drive, PA 15222 whose name(s) and address(es) is/are presently unknown), and JOHN DOES 6-10 (cleaning, drying, maintenance, and/or inspection individual(s), business(es), company(ies), partnership entity(ies), fictitious name(s), and/or corporation(s) responsible for the floor cleaning, drying, maintenance and/or inspection of the premises at 2365 Mountain View Drive, PA 15222, | TRIAL BY JURY OF 12 DEMANDED |
| Defendants. | |

## NOTICE OF REMOVAL TO FEDERAL COURT
## PURSUANT TO 28 U.S.C. §1446(D)

TO THE CLERK OF THE COURT:

Pursuant to 28 U.S.C. §1446(d), Defendant Hobby Lobby Stores, Inc. files herewith a copy of the Notice of Removal which was filed in the United States District Court for the Eastern District of Pennsylvania.

**SALMON, RICCHEZZA, SINGER & TURCHI, LLP**

 /s/ Justin P. Callaway
Joseph A. Ricchezza, Esq. (PA ID #66171)
Justin P. Callaway, Esq. (PA ID #206982)
1601 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 606-6600
*Attorneys for Defendant Hobby Lobby Stores, Inc.*

Date: